IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------------------- x
PEAK WELLNESS BIOPHARMA, LLC,           :
                                        :   Civil Action No.
                    Plaintiff,          :
                                        :
        - v. -                          :
                                        :
CAFFEINE ARMY LLC                       :
                                        :
                    Defendant.          :   SEPTEMBER 25, 2024
                                        x
----------------------------------------------------------------------------

## COMPLAINT

Plaintiff Peak Wellness BioPharma, LLC ("Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant Caffeine Army LLC ("Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for: (1) Trademark Infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a) and common law for the State of Connecticut; (2) False Designation of Origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (4) Unfair Competition under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110.

### PARTIES

2. Plaintiff Peak Wellness BioPharma LLC is a limited liability company existing under the laws of the State of Connecticut, with its principal place of business located at 195 Field Point Road, 2nd Floor, Greenwich, Connecticut 06830.

3. Defendant Caffeine Army LLC is a limited liability company existing under the laws of Florida, with its principal place of business located at 15655 Citrus Harvest Road, Suite

1

129, Winter Garden, Florida. Defendant conducts business throughout this District, the State of Connecticut, and the United States.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal trademark and unfair competition claims asserted in the action pursuant to 28 U.S.C. § 1331, 1332, & 1338 and 15 U.S.C. § 1121.

5. This Court has supplemental jurisdiction over the claims in this Complaint which arise under Connecticut state statute and the common law pursuant to 28 U.S.C. § 1367(a), because the claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Furthermore, this Court has supplemental jurisdiction over the claims in this Complaint which arise under Connecticut state statute and common law pursuant to 28 U.S.C. § 1338(b) as these claims are joined by related claims under the trademark laws of the United States.

7. This Court has personal jurisdiction over Defendant under Conn. Gen. Stat. 52-59b, because Defendant transacts business in this District and Plaintiff was harmed in this District as a result of such business. Additionally, Defendant operates a website which is viewable by citizens of this District.

8. This Court also has personal jurisdiction over Defendant because it has sufficient minimum contacts within this District, as a result of business conducted in the District. Upon information and belief, Defendant has sold, and continues to sell, its infringing products in the District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in the District.

## FACTUAL BACKGROUND

**A. Plaintiff's Business**

10. Plaintiff formulates, promotes, and sells dietary and nutritional supplements, under its Peak Wellness brand, including, but not limited to dietary and nutritional supplements. Plaintiff sells its products to customers.

11. Plaintiff is the owner of U.S. Trademark Registration No. 5355011 for CHOCONILLA ("Plaintiff's Mark"), which is used in connection with Plaintiff's business in the field of health and wellness for dietary and nutritional supplements and dietary supplement drink mixes. Plaintiff's Mark was registered in 2017 and has become incontestable within the meaning of 15 U.S.C. § 1065. A copy of the registration for the Plaintiff's Mark is attached hereto as "Exhibit A" and is incorporated herein by reference.

12. Plaintiff has used and continues to use Plaintiff's Mark in interstate commerce since 2017.

13. Plaintiff has invested substantial time, efforts and sums of money in advertising, promoting and otherwise cultivating goodwill in the brand and Plaintiff's Mark, such that its products have come to be associated with high quality goods and has attained secondary meaning in the minds of consumers as designating goods of a particular origin with Plaintiff.

**B. Defendant's Infringing Activity**

14. Upon information and belief, Defendant promotes and sells various wellness products which compete with Plaintiff's products under Defendant's brand.

15. Upon information and belief, Defendant began marketing and selling a smart energy coffee with the Choconilla mark which it described as a natural energy drink and

supplement (the "Infringing Mark").

16. Plaintiff became aware that Defendant had adopted and was using the Infringing Mark.

17. Upon information and belief, Defendant's use of the Infringing Mark is ongoing.

18. Plaintiff's use of Plaintiff's Mark predates Defendant's use of the Infringing Mark.

19. On May 31, 2024 and at times thereafter, Plaintiff issued a letter demanding that Defendant immediately cease and desist all unauthorized direct and indirect use of the Plaintiff's Mark.

20. As a result, Defendant has knowledge of Plaintiff's prior use of Plaintiff's Mark, as well as its registration and application.

21. Despite issuance of the cease-and-desist letter and subsequent demand letters, Defendant continues use of the Infringing Mark, and therefore has acted willfully and with intent to deceive consumers in their purchasing and use of the Infringing Mark.

## COUNT I
## TRADEMARK INFRINGEMENT

22. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 21 above.

23. Defendant's conduct constitutes trademark infringement in violation of United States Lanham Act codified at 15 U.S.C. §§ 1114 and 1125 and under common law for the State of Connecticut.

24. Plaintiff exclusively has used Plaintiff's Mark in connection with the promotion of its dietary and nutritional supplements and dietary supplement drink mixes since 2017. Such use predates Defendant's use of the Infringing Mark.

25. The distribution of Plaintiff's Mark has created among consumers an association between Plaintiff and the quality of goods offered under Plaintiff's Mark.

26. Without Plaintiff's consent, Defendant is using the Infringing Mark in interstate commerce in connection with products that are similar and/or identical to and compete with one or more of Plaintiff's products.

27. Defendant's use of the Infringing Mark has and is likely to continue to cause confusion, mistake, or to deceive as to its origin, sponsorship, or approval of Defendant's goods and suggest an affiliation or connection between Defendant's goods and Plaintiff's goods, in violation of 15 U.S.C. § 1114(a).

28. Defendant's use of the Infringing Mark diminishes the value of the Plaintiff's Mark and brand.

29. Upon information and belief, Defendant adopted the Infringing Mark in connection with its goods and commercial activities in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in Plaintiff's Mark, and to divert customers and revenue from Plaintiff.

30. Upon information and belief, Defendant intends to continue to design, manufacture, advertise, promote, sell, and/or offer for sale products bearing the Infringing Mark, unless otherwise restrained.

31. The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as it is enjoined by this Court.

## COUNT II
## FALSE DESIGNATION OF ORIGIN

32. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1-31 set forth above.

33. Defendant's conduct constitutes false designation of origin in violation of United States Lanham Act codified at 15 U.S.C. §§ 1125(a).

34. Without Plaintiff's consent, Defendant is using the Infringing Mark in interstate commerce in connection with products that are similar and/or identical to and compete with one or more of Plaintiff's products.

35. Defendant's use of the Infringing Mark has and is likely to continue to cause confusion, or cause mistake, including initial interest confusion, or to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Plaintiff, in violation of 15 U.S.C. 1125(a).

36. Upon information and belief, Defendant adopted the Infringing Mark in connection with its goods and commercial activities in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in Plaintiff's Mark, and to divert customers and revenue from Plaintiff.

37. Upon information and belief, Defendant intends to continue to design, manufacture, advertise, promote, sell, and/or offer for sale products bearing the Infringing Mark, unless otherwise restrained.

38.     The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as it is enjoined by this Court.

### COUNT III
### UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

39.     Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1-38 set forth above.

40.     Defendant's conduct constitutes unfair competition in violation of United States Lanham Act codified at 15 U.S.C. §§ 1125(a).

41.     Without Plaintiff's consent, Defendant is using the Infringing Mark in interstate commerce in connection with products that are similar and/or identical to and compete with one or more of Plaintiff's products.

42.     Defendant's use of the Infringing Mark has and is likely to continue to cause confusion, or cause mistake, including initial interest confusion, or to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Plaintiff, in violation of 15 U.S.C. 1125(a).

43.     Upon information and belief, Defendant adopted the Infringing Mark in connection with its goods and commercial activities in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in Plaintiff's Mark, and to divert customers and revenue from Plaintiff.

44. Upon information and belief, Defendant intends to continue to design, manufacture, advertise, promote, sell, and/or offer for sale products bearing the Infringing Mark, unless otherwise restrained.

45. The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as it is enjoined by this Court.

## COUNT IV
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

46. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1-45 set forth above.

47. Defendant's conduct constitutes unfair competition in violation of CUTPA by using similar marks to gain an unfair advantage in the market without the need to exert the necessary time or money.

48. Defendant's use of the Infringing Mark is misappropriating designations used by or associated with Plaintiff. Since 2017, Plaintiff has made a substantial investment of time, effort, and money in creating dietary and nutritional supplements and dietary supplement drink mixes to a variety of customers and end-users under Plaintiff's Mark, and prior to that under Plaintiff's brand.

49. Rather than going through the effort and expense of developing and creating its own unique designs and goodwill, Defendant has chosen to target Plaintiff by knowingly replicating Plaintiff's well-known mark and designations, in order to take advantage of the markets and demand Plaintiff has created for such marks and designations without having to incur the developmental, promotional, and advertising expenses that Plaintiff has incurred.

50. Upon information and belief, Defendant's pervasive sale of products bearing the Infringing Mark is a blatant attempt to misappropriate the skills, expenditures and labors of Plaintiff, and profit from the commercial advantage Plaintiff has established, and the recognition Plaintiff has achieved for its well-known products, mark and designations.

51. Defendant's use of the Infringing Mark is unlawful under statutory and common law.

52. Defendant's use of the Infringing Mark has caused and will continue to cause injury to consumers who believed they were purchasing products from the Plaintiff.

53. Upon information and belief, Defendant intends to continue to design, manufacture, advertise, promote, sell, and/or offer for sale products bearing the Infringing Mark, and will continue to unfairly compete with Plaintiff's products and business, unless otherwise restrained.

54. The aforementioned actions and activities of Defendant has caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as it is enjoined by this Court.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

1. A judgment from this Court stating:

    a. Plaintiff owns all right, title, and interest in and to Plaintiff's Marks, including all common law rights in such marks, and all goodwill represented by and associated with Plaintiff's Marks and business.

    b. The aforesaid acts of Defendant constitute trademark infringement in violation of United States Lanham Act codified at 15 U.S.C. §§ 1114 and under common law for the State of Connecticut.

    c. The aforesaid acts of Defendants constitute false designation in origin in violation of United States Lanham Act codified at 15 U.S.C. §§ 1125.

    d. The aforesaid acts of Defendants constitute unfair competition in violation of United States Lanham Act codified at 15 U.S.C. §§ 1125.

    e. The aforesaid acts of Defendants constitute unfair competition in violation of CUTPA.

2. An order from the court stating that Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliate, licensees, manufacturers, distributors, and all that as in active concert or participation with it or any of them, be preliminarily and permanently enjoined from:

    a. Using the Infringing Mark or any variation thereof which is confusingly similar to Plaintiff's Mark;

    b. Making any statements or representation whatsoever with respect to the goods advertised, promoted, or sold under the Infringing Mark that either falsely designates

Plaintiff as the origin of the goods or is otherwise false or misleading;

    c. Otherwise making unauthorized use of or infringing upon Plaintiff's Mark or other trademarks of Plaintiff;

    d. Competing unfairly with Plaintiff in any manner; and

    e. Engaging in any other activity, including the effectuation of assignments or transfers of its interests in counterfeits, simulations, reproductions, copies or colorable imitations of the Plaintiff's Mark, or any other intellectual property of Plaintiff, including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth herein.

3. An order from the court ordering Defendant to account for and pay over to Plaintiff all profits realized by Defendant in connection with its unlawful activities;

4. Damages caused to Plaintiff by Defendant's unlawful activities;

5. Prejudgment and post-judgment interest;

6. Attorney's fees;

7. Costs; and

8. Such other relief as the Court deems just and proper.

Respectfully submitted,

**PEAK WELLNESS BIOPHARMA LLC**

Dated:  September 25, 2024        By: /s/ Jonathan M. Shapiro
                                                                          Jonathan M. Shapiro (ct24075)
                                                                          Aeton Law Partners, LLP
                                                                          311 Centerpoint Drive
                                                                          Middletown, Connecticut  06457
                                                                          Telephone:  (860) 724-2160
                                                                          Facsimile:  (860) 724-2161
                                                                          Email: JMA@aetonlaw.com

*Attorneys for Plaintiff, Peak Wellness BioPharma LLC*